# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ] |
| Plaintiff, | ] |
| v. | ]  2:12-cr-00028-KOB-JEO |
| **HERMILO BENITEZ**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Report and Recommendation (doc. 16) of the magistrate judge recommending the denial of the defendant's Motion to Suppress (doc. 5), and the defendant's Objection to Report and Recommendation (doc. 22). The court has reviewed the transcript of the hearing held March 14, 2012; the exhibits received into evidence at that hearing, including the video from the patrol car; the written arguments of defense counsel (docs 12, 22); as well as the Report and Recommendation. After a complete review, the court finds that the recommendation of the magistrate judge should be ACCEPTED, and the Motion to Suppress should be DENIED.

The court agrees with the Report that, based on the totality of the circumstances, the officer possessed the requisite probable cause to make the traffic stop for improper lane usage (Ala. Code § 32-5A-88) or reasonable suspicion that the defendant was operating the vehicle in an impaired condition (Ala. Code § 32-5A-191). The defendant's reliance upon *United States v. Smith*, 799 F.2d 704 (11th Cir. 1986) does not dictate a contrary result.

Unlike the facts in *Smith*, the "overwhelming objective evidence" does not support a finding that the traffic stop was pretextual. *See Smith*, 799 F.2d at 710-711. Instead, the objective evidence of the video from the patrol car demonstrates that the car driven by the defendant slowly drifted over the fog line on the right side of the road several times and then drifted to the left, nearing another car when it passed, all within a relatively short period of time and while driving below the posted speed limit and slower than the other cars in its vicinity. Such a driving pattern—at the very least—indicated that the officer very reasonably could have suspected that the defendant was impaired and that he was unable to maintain his vehicle in a single lane.

While the defendant argues that justifying the stop in this case "would basically give all law enforcement carte blanche authority to stop anyone on the interstate" (doc. 22 at 3), the same could be said for the frequently used "following too closely" violation. Both following other cars too closely, driving while impaired, and weaving or drifting from the center of a lane on the interstate put other motorists at risk of danger. Law enforcement officers should have the authority to enforce laws such as these to protect the motoring public. Just because some traffic stops for such violations may be pretextual does not—without more—demonstrate that the stop of this defendant was pretextual and, thus, unconstitutional and does not require that the results of the subsequent consensual search be suppressed.

The court hereby OVERRULES the defendant's Objection to the Report and Recommendation (doc. 22) and DENIES the Motion to Suppress (doc. 5).

DONE and ORDERED this 3rd day of May, 2012.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE